UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. 4:13 CV 972 DDN ) |
| ALFORD ENVIRONMENTAL SERVICES, INC,. JERRY ALFORD, and JULIANNE ALFORD, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action is before the court on the motion of defendants Alford Environmental Services, Inc., Jerry Alford, and Julianne Alford for a more definite statement. (Doc. 26.)

## I. BACKGROUND

On May 21, 2013, plaintiffs Greater St. Louis Construction Laborers Welfare Fund, et al, commenced this action against defendants Alford Environmental Services, Inc., Jerry Alford, and Julianne Alford. (Doc. 1.) According to the complaint, the following occurred. Plaintiffs include the four employee benefit plans as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002, and their trustees.[1] (Id. at ¶¶ 1-4.) Plaintiffs also include Local Unions Nos. 42, 53, and 110, Laborers International Union of North America, AFL-CIO, which are labor organizations as defined by the National Labor Relations Act, 29 U.S.C. § 152. (Id. at ¶ 5.) Defendant Julianne Alford owns defendant Alford Environmental Services, an employer, and her duties include paying fringe benefit contributions to plaintiffs. (Id. at ¶ 8.) Defendant Jerry Alford is a salaried employee of Alford Environmental Services and the spouse of Julianne Alford. (Id. at ¶ 7.)

---

[1] Plaintiffs refer to the employee benefit plans as the Welfare Fund, the Pension Trust, the Vacation Fund, and the Training Fund.

A collective bargaining agreement bound Alford Environmental Services and required monthly payments to the employee benefit funds and the submission of monthly report forms. (Id. at ¶ 10.) The collective bargaining agreement and the employee benefit plans allow the trustees of the employee benefit plans to examine the books and records periodically to ensure that the payments conform with the terms of the collective bargaining agreement. (Id.) Plaintiffs audited Alford Environmental Services for the period of April 2009 through February 2013. (Id. at ¶ 11.) The audit revealed that Alford Environmental Services reported that Jerry Alford worked significantly more hours than he did for the purpose of preserving his eligibility for medical benefits from the Welfare Fund. (Id.)

Plaintiffs' policy requires contributions for at least forty hours per week to maintain the coverage of salaried individuals who perform covered work but do not maintain records of their hours in the field. (Id. at ¶ 13.) Because Alford Environmental Services failed to report at least forty hours per week for Jerry Alford between April 2009 and February 2013, Alford Environmental Services owes plaintiffs $75,426.84 in contributions, $15,085.28 in liquidated damages, and $4,358.94 in interest. (Id. at ¶¶ 14.) Alford Environmental Services also failed to report at least forty hours per week for Jerry Alford between May 2003 and March 2009. (Id. at ¶ 15.) However, no audit has been performed to ascertain the amount owed to plaintiffs as a result. (Id. at ¶ 16.)

Further, the summary plan description of the Welfare Fund states that a participant's coverage continues to the next quarter only if the participant worked 275 hours of covered employment. (Id. at ¶ 20.) Alford Environmental Services through Julianne Alford falsely reported that Jerry Alford worked 275 hours per quarter for the period of May 2003 through the present. (Id. at ¶ 21.) As a result of the false report, plaintiffs erroneously paid Welfare Fund claims on behalf of the Alford family in the amount of $335,512.41. (Id. at ¶ 22.)

Plaintiffs allege two counts under ERISA. In Count I, plaintiffs allege under 29 U.S.C. § 1145 that Alford Environmental Services failed to pay contributions. (Id. at ¶¶ 12-18.) In Count II, plaintiffs alternatively allege that they erroneously paid the amounts to Jerry Alford from the Welfare Fund. (Id. at ¶¶ 19-23.) Plaintiffs request an interlocutory order of accounting requiring Alford Environmental Services to submit its books and records to an accountant selected by plaintiffs to determine the amounts owed for the period of May 2003 through March 2009 and an order requiring Alford Environmental Services to pay the employee benefit funds in accordance

with present and future collective bargaining agreements.  (Id. at 6-7.)  Plaintiffs also request the amount of the contributions owed, interest, liquidated damages, costs, accounting fees, and attorney fees, or the amounts erroneously paid from the Welfare Fund.  (Id. at 6-8.)

## II. DISCUSSION

Defendants move for a more definite statement of plaintiffs' claims.  Specifically, defendants argue that plaintiffs failed to set forth the jurisdictional basis for Count II. Additionally, defendants argue that Count II is a claim of common law fraud and that Fed. R. Civ. P. 9(b) requires plaintiffs to plead the circumstances of the alleged fraud with particularity. Plaintiffs respond that the complaint alleges an equitable claim of restitution under ERISA, 29 U.S.C. § 1132(a)(3).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." Resolution Trust Corp. v. Fiala, 870 F. Supp. 962, 977 (E.D. Mo. 1994).  Rule 12(e) motions are generally disfavored, particularly when discovery will clarify the issues.  Thrasher v. Missouri State Highway Comm'n, 534 F. Supp. 103, 106 (E.D. Mo. 1981), aff'd, 691 F.2d 504 (8th Cir. 1982); Zamora v. Massey-Ferguson, Inc., 336 F. Supp. 588, 592 (S.D. Iowa 1972).

29 U.S.C. § 1132(a) authorizes civil actions by fiduciaries to enjoin and obtain other equitable relief for any act or practice that violates any term of an employee benefit plan.  The court concludes that plaintiffs' demand for the return of payments from the Welfare Fund falls squarely within this provision.  See Sereboff v. Mid Atl. Med. Servs., Inc., 547 U.S. 356, 360 (2006); Dillard's Inc. v. Liberty Life Assur. Co. of Boston, 456 F.3d 894, 900-01 (8th Cir. 2006). Moreover, plaintiffs' complaint adequately establishes federal question jurisdiction.  (Doc. 1 at ¶ 9.)  The Count II allegations incorporate the jurisdictional allegations, which expressly refer to 29 U.S.C. § 1132(a).  (Id. at 19.)

Fed. R. Civ. P. 9(b) states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  To satisfy the particularity requirement of Rule 9(b), the complaint must include "such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts,

including when the acts occurred, who engaged in them, and what was obtained as a result." U.S. ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). Although the Count II allegations could arguably support a fraud claim, Count II is an equitable claim that does not rely on allegations of fraud. See Dillards, 456 F.3d at 901. Therefore, the pleading requirements of Fed. R. Civ. P. 9(b) do not apply. Additionally, even if plaintiffs pled a claim of fraud, the fact allegations satisfy the particularity requirement. Finally, the defendants' answer includes responses to each allegation in the complaint, indicating the absence of the ambiguity necessary to sustain a motion for a more definite statement. (Doc. 17.)

Accordingly, defendants' motion for a more definite statement is denied.

### III.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendants Alford Environmental Services, Inc., Jerry Alford, and Julianne Alford for a more definite statement (Doc. 26) is denied.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 26, 2014.